Oscar Murov, J.
This is an action by an insurance company to recover from its insured the sum of $554, that amount being the earned premium due. There is no dispute that the amount *28 is owed the plaintiff, but the defendant asserts as his defense, payment of the premium to the broker, as agent of the plaintiff. The defendant insured paid the premium as part of his mortgage payment to the mortgagee bank, and the bank held the money in an escrow fund. In February, 1969 the bank paid $725 to Anthony Indilla, Inc. (associated with Richard A. Freidah, the originator or agent of the insurance company) as payment of the insurance premium due. In March of that year, the defendant received a notice of; cancellation of policy for nonpayment of premium. The defendant contacted his broker who informed him that they were obtaining another insurer for him; the plaintiff insurance company then issued a policy covering defendant’s building. Then in November, 1969, the plaintiff, the second insurer, notified the defendant of cancellation of the policy for nonpayment of the premium-. The plaintiff now seeks to recover the earned premium due it.
The issue is whether the amount paid to the broker prior to the issuance of any policy by the present plaintiff constituted payment to the agent of the plaintiff so as to relieve the defendant of liability.
Section 121 of the Insurance Law provides that any insurer who delivers an insurance contract to a broker, acting for someone else, is deemed to have authorized such broker to receive payment of the premium on its behalf, if payment is received by said broker within 90 days after due date of the premium.
By this statutory provision, an insurance broker takes on a dual role. He is the agent for the insured for obtaining insurance coverage and he becomes the agent of the insurer for the purpose of receiving payment (Bohlinger v. Zanger, 306 N. Y. 228).
There is no dispute that the broker was paid $725 to cover the insurance premium in February, 1969. The dispute arises as to whether this payment prior to the issuance of the policy constituted payment within the meaning of section 121. The plaintiff contends it does not and cites in support of its position Central Sur. & Ins. Corp. v. Marro (189 Misc. 823).
In the Marro case the court held that moneys (refunds of premiums paid where insurance was canceled) held by the broker as agent for the insured to the credit of the insured are not considered payments made to the broker as agent for the insurer so as to constitute payments within the meaning of section 121 of the Insurance Law. The difference between that case and this case is that here the money held by the broker is not a refund paid to the broker as agent of the insured by *29 the insurance company, but instead is money paid by the insured to the broker as agent for the insurer.
A more recent case concerned with this problem is General Fire & Cas. Co. v. Mackpat Corp. (33 A D 2d 765). In that action to recover an earned insurance premium, the defense was payment. The defendant had an arrangement with its broker whereby the money settlement of insurance claims would be credited to defendant’s account with the broker and used to pay premiums. The Appellate Division in reversing the lower court’s decision said that the court was in error in ruling as a matter of law that payment by credit was unacceptable within the meaning of section 121.
Although here the money paid to the broker was not paid after the issuance of the insurance policy by the plaintiff, it was money paid to the broker as agent for the insurer of the defendant. This constituted a credit to the defendant’s account held by the broker and should be deemed as payment under section 121.
Judgment is granted in favor of the defendant and the complaint is dismissed.